ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| BANCO POPULAR DE PUERTO RICO<br><br>Recurrido<br><br>v.<br><br>MARISOL DE JESÚS CORREA COMO MIEMBRO DE LA SUCESIÓN DE PEDRO DE JESÚS DE JESÚS Y OTROS<br><br>Peticionarios | **KLCE202400996** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Ponce<br><br>Civil Núm.: PO2021CV02293<br><br>Sobre: Cobro de dinero y Ejecución de Hipoteca |
| --- | --- | --- |

Panel integrado por su presidente, el Juez Figueroa Cabán, el Juez Bonilla Ortiz, la Jueza Mateu Meléndez y la Jueza Prats Palerm.

Bonilla Ortiz, Juez Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico a 16 de diciembre de 2024.

Comparece ante este foro, la Sra. Saudy E. García Miranda (señora García o "la peticionaria") y nos solicita que revisemos una *Resolución* emitida por el Tribunal de Primera Instancia, Sala Superior de Ponce, notificada el 5 de septiembre de 2024. Mediante el referido dictamen, el foro primario denegó consolidar el caso de autos con el pleito PO2024CV01226, el cual se encuentra pendiente en otra sala del mismo tribunal.

Por los fundamentos que se exponen a continuación, **DENEGAMOS** la expedición del auto de *certiorari*.

## I.

Conforme surge del expediente, el 29 de septiembre de 2021, el Banco Popular de Puerto Rico (BPPR o "parte recurrida") presentó una *Demanda* sobre cobro de dinero y ejecución de hipoteca en contra del Sr. Pedro De Jesús De Jesús (señor De Jesús).[1] Tras su fallecimiento,

---

[1] *Demanda*, págs. 1-3 del apéndice del recurso.

Número Identificador
RES2024 _____

solicitaron enmendar la demanda para incluir como parte demanda a la Sucesión del señor De Jesús (Sucesión de Pedro De Jesús), compuesta por Sheila M. De Jesús Lugo, Marisol De Jesús Lugo, Pedro Xavier De Jesús Díaz, entre otros de nombres desconocidos.[2] En esta, esbozó que el 26 de noviembre de 2005, el señor De Jesús suscribió un préstamo hipotecario, el cual dejó de pagar las mensualidades vencidas que ascendían a $85,827.86 en principal, más intereses y cargos por demora.

Luego de varios trámites procesales, el 5 diciembre de 2023, la señora García presentó una *Moción Solicitando Intervención Conforme a la Regla 21.1 de Procedimiento Civil y Solicitud de Participación de Todos los Procedimientos Legales en Autos*.[3] En esencia, alegó que, al momento de constituir la hipoteca en controversia, al señor De Jesús no le pertenecía una parte del terreno ni la estructura existente, puesto que, las había enajenado. Sostuvo que, el 12 de febrero de 1991, el señor De Jesús y la Sra. María C. Lugo Sepúlveda suscribieron un documento privado en el cual vendieron, cedieron y traspasaron una porción del terreno a la Sra. Enerys Idalia Ramos Zayas, quien posteriormente le vendió dicha porción a la peticionaria. Por lo tanto, solicitó que fuera aceptada su intervención, y que se le reconociera como legítima propietaria del predio de terreno y de la edificación construida en el mismo.

El 8 de marzo de 2024, el foro primario notificó una *Resolución* sobre la solicitud de intervención de la

---

[2] *Demanda Enmendada*, págs. 4-6 y 8-10 del apéndice del recurso.
[3] *Moción Solicitando Intervención Conforme a la Regla 21.1 de Procedimiento Civil y Solicitud de Participación de Todos los Procedimientos Legales en Autos,* págs. 11-19 del apéndice el recurso.

peticionaria, mediante la cual la declaró *No Ha Lugar*. En desacuerdo, el 25 de marzo de 2024, la señora García presentó una moción de reconsideración, la cual fue denegada el 1 de abril de 2024 mediante *Resolución*.[4] Como consecuencia, el 1 de mayo de 2024, presentó un recurso de *certiorari* ante este Foro, al cual le fue asignado el alfanumérico KLCE202400480. Atendido el recurso, el 18 de junio de 2024, este Panel denegó expedir dicho recurso.

El 27 de junio de 2024, la señora García presentó ante el foro primario una *Moción Solicitando Consolidación de Casos Conforme a la Regla 38.1 de Procedimiento Civil y Conforme a la Regla 15 para la Administración del Tribunal de Primera Instancia*.[5] Mediante la cual, sostuvo que el 1 de mayo de 2024, presentó ante el mismo foro primario una acción legal sobre usucapión. Adujo que, ambos pleitos inciden sobre el mismo objeto, las partes y la evidencia documental. Por ello, solicitó fuera declarada con lugar la moción para consolidar los casos PO2021CV02293 sobre cobro de dinero y ejecución de hipoteca; y el caso PO2024CV01226, sobre usucapión.

El 22 de julio de 2024, BPPR presentó una moción en oposición a la solicitud de consolidación instada por la peticionaria.[6] En síntesis, indicó que no son parte en el pleito instado bajo el número PO2024CV01226, por lo que, la petición de consolidación presentada por la

---

[4] Véase, entradas núm. 89 y 94 en el Sistema Unificado de Manejo y Administración de casos (SUMAC).

[5] Véase, *Moción Solicitando Consolidación de Casos Conforme a la Regla 38.1 de Procedimiento Civil y Conforme a la Regla 15 para la Administración del Tribunal de Primera Instancia,* entrada núm. 111 en SUMAC.

[6] *Moción en Oposición a "Moción Solicitando Consolidación […]",* págs. 48-50 del apéndice del recurso.

señora García era prematura y debía ser declarada *No Ha Lugar*.

Así las cosas, el 23 de julio de 2024, el foro *a quo* notificó una *Resolución* en la cual denegó la moción de consolidación.[7]

En desacuerdo, el 7 de agosto de 2024, la peticionaria presentó una moción de reconsideración,[8] la cual fue denegada el 16 de agosto de 2024 mediante *Resolución*.[9]

Aun inconforme, el 16 de septiembre de 2024, la peticionaria presentó el recurso de *certiorari* que nos ocupa, mediante el cual señaló el siguiente error:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DENEGAR LA SOLICITUD DE CONSOLIDACIÓN DE LOS CASOS CUESTIÓN DE DERECHO, AUN CUANDO DE LA PROPIA FAZ DE LOS DOCUMENTOS PRESENTADOS, SURGE CON CLARIDAD QUE AMBAS ACCIONES LEGALES INCIDEN SOBRE LA MISMA PROPIEDAD INMUEBLE, SON LAS MISMAS PARTES Y COINCIDEN EN LA MISMA EVIDENCIA DOCUMENTAL. POR LO QUE SE CUMPLE CON LOS REQUISITOS QUE EXIGE TANTO LA REGLA 38.1 DE PROCEDIMIENTO CIVIL VIGENTE, SEGÚN ENMENDADA (TITULO 32 LPRA AP. V, R.38.1) Y LA JURISPRUDENCIA, PARA QUE PROCEDA LA CONSOLIDACIÓN.

Asimismo, la peticionaria acompañó su petición de *certiorari* con una *Solicitud Urgente en Auxilio de Jurisdicción*, mediante la cual solicitó la paralización de los procedimientos en la acción legal con el número PO2021CV02293 ante el foro primario.

El 17 de septiembre de 2024, emitimos una *Resolución* en la que concedimos término a la parte recurrida para que expresara su posición.

El 15 de noviembre de 2024, BPPR presentó su *Oposición a Moción en Auxilio de Jurisdicción*. A su

---

[7] *Resolución*, pág. 51 del apéndice del recurso.
[8] *Moción Solicitando Reconsideración de Resolución Denegando la Consolidación de Casos […]*, págs. 52-57 del apéndice del recurso.
[9] *Resolución*, pág. 58 del apéndice del recurso.

vez, presentó su *Oposición a Expedición de Auto de Certiorari*.

El 2 de diciembre de 2024, emitimos una *Resolución*, mediante la cual denegamos la solicitud de auxilio.

Con el beneficio de la comparecencia de ambas partes, estamos en posición de resolver.

## II.

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Véase, además: *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016). Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.*; *IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance*, supra; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> [e]l recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente

será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de *certiorari*, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 3 2 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty,* 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de certiorari, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para analizar el problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.
4 LPRA Ap. XXII-B.

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo*, 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd*. Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre Matos v. Juelle Albello,* 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

## III.

En virtud del único señalamiento de error formulado, la peticionaria alega que el foro primario erró al denegar la solicitud de consolidación de los casos, puesto que, ambas acciones legales inciden sobre la misma propiedad inmueble, partes y evidencia documental.

Comenzamos por destacar que los foros revisores reconocemos amplia discreción a los foros de primera instancia para determinar el modo en que dirigen el trámite de los casos ante su consideración. De este modo, es preciso subrayar que nuestro Tribunal Supremo

ha sido enfático en que, como foros revisores, no debemos intervenir con las actuaciones de los foros primarios, en ausencia de que hayan actuado con prejuicio o parcialidad, o que hayan errado en la aplicación del derecho. Incluso, ha dispuesto que, en el caso de las actuaciones discrecionales, solo estaríamos en posición de intervenir para variar el dictamen, si el foro primario abusó de su discreción.

Como bien lo ha interpretado nuestro más Alto Foro, la discreción a la hora de actuar debe estar regida por su estrecha relación con el concepto de razonabilidad. Así las cosas, a base de un análisis cuidadoso del expediente, no estamos en posición de concluir que la actuación recurrida fuese irrazonable, a la luz de la totalidad de las circunstancias. Consecuentemente, tampoco podemos afirmar que dicha actuación fuese el resultado de abuso de discreción por parte del foro primario. Consecuentemente, procede denegar el auto discrecional solicitado.

**IV.**

Por los fundamentos antes expuestos, **DENEGAMOS** expedir el auto de *certiorari*.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones